IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COTTONLAND PROPERTIES, LLC, | § § § § | |
| Plaintiff, | | |
| v. | § § § § | No. 3:26-cv-00322-D (BT) |
| BRIDGETT ANNETTE JONES-REYES, | § § § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se defendant Bridgett Annette Jones-Reyes removed a state court forcible detainer action from Ellis County Court at Law 1 to this Court. Not. of Rem. at 1 (ECF No. 3). For the following reasons, the District Judge should remand this action to the state court from which it was removed or dismiss it without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and follow Court orders.

**Background**

Defendant removed a "forcible detainer/possession proceeding" from Ellis County Court at Law 1—where it was on appeal from a Justice of the Peace ruling— to this Court. *See* Not. of Rem. at 1. (ECF No. 3); *see* No. 25-C-4200 (Ellis Cnty. Crt. at Law No. 1). The Notice of Removal states that federal question jurisdiction exists because of issues about (1) the validity of the foreclosure sale, (2) the authority and standing of the purported purchaser, (3) defects in notice and due

1

process, and (4) competing claims of title and superior right to possession. *Id.* at 1-2. It also states that diversity jurisdiction exists because Defendant is a citizen of Texas and Plaintiff is a "citizen of the United States" and the amount in controversy exceeds $75,000. *Id.* at 2.

But Defendant failed to attach the state court pleadings—such as the petition—that might establish federal jurisdiction over removed cases. *See generally* Not. of Rem. and Statement of Jurisdiction, Standing, and Necessity of Equitable Adjudication (ECF No. 4). She also filed an *in forma pauperis* (IFP) application lacking required information. IFP App. (ECF No. 5). So the Court issued an order and notice of deficiency (NOD) requiring Defendant to, by March 23, 2026, (1) file copies of the relevant process, pleadings, or orders served on her in the state court proceedings, including the state court petition or amended petition that started this case; and (2) file a corrected and complete *in forma pauperis* application with all required information. *See* NOD at 1 (ECF No. 6) (citing 28 U.S.C. § 1446(a)).

Defendant filed a corrected IFP application (ECF No. 7), but not copies of the relevant state court proceedings, including the state court petition. Instead, she filed a document entitled "Motion to Stay Proceedings Pending Title Clarification Estate & Trust Notice of Interest" that does not include the relevant state court record. *See generally* Motion (ECF No. 8).

Given Defendant's failure to establish subject matter jurisdiction over this action and to comply with Court orders, remand or dismissal is appropriate.

2

**Legal Standards**

The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte*." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017).

Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Unless otherwise provided by statute, federal subject matter jurisdiction requires: 1) an action "arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331; or 2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332.

Regarding federal question jurisdiction, the most common cases "arising under" federal law "are those in which federal law creates the cause of action." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). In rare situations, a case may arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9 (1983).

In cases invoking diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). "The basis for diversity jurisdiction

must be 'distinctly and affirmatively alleged.'" *Dos Santos v. Belmere Ltd. P'ship,* *516 F. App'x 401, 403 (5th Cir. 2013)* (per curiam). "'The failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.,* 945 F.2d 803, 805 (5th Cir. 1991)).

While pleadings by *pro se* litigants are construed liberally, *see, e.g., Perez v. United States,* 312 F.3d 191, 194–95 (5th Cir. 2002); *Mass v. McDonald's Corp.,* 2004 WL 2624255, at *2 (N.D. Tex. Nov. 12, 2004), the court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins.,* 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). And "even though a particular statute or rule need not necessarily be cited by name[,]" the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; jurisdiction cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted). "[C]ourts are not obligated to search out the identity of a party's vaguely-pleaded claims." *Mass,* 2004 WL 2624255, at *2.

28 U.S.C. § 1441(a), the general removal statute, allows a defendant to remove a case to the federal district court for the district or division within which the underlying state action is pending, provided that the district court possesses original jurisdiction. A state court lawsuit may be removed if it includes a claim arising under federal law. 28 U.S.C. §§ 1441 and 1331. Whether federal question jurisdiction exists in a removal action is based on the allegations in a plaintiff's

"well-pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Under the well-pleaded complaint rule, federal question jurisdiction depends on whether there appears on the face of the complaint some substantial, disputed question of federal law." *Baron v. Strassner*, 7 F.Supp.2d 871, 873 (S.D. Tex. 1998) (internal quotation marks omitted). Under the well-pleaded complaint rule, if the complaint does not affirmatively allege a federal claim and instead asserts only state law causes of action, a case does not arise under federal law. *See Kramer v. Smith Barney*, 80 F.3d 1080, 1082 (5th Cir. 1996) (citing *Franchise Tax Bd.*, 463 U.S. at 10). Doubts about whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). If, at any time before final judgment, "it appears that the [federal] district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## Analysis

1. <u>The District Judge should remand this case for lack of subject matter jurisdiction.</u>

Defendant fails to establish this Court's subject matter jurisdiction, which is her burden as the removing party. *See Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

First, the Court cannot find federal question jurisdiction on this record. Defendant failed—despite opportunity—to provide the state court petition that alleges a claim created by federal law or a state law claim depending on a

substantial, disputed question of federal law. Instead, by all available information, the state court petition asserts a traditional state law forcible detainer claim. *See* Not. of Rem. at 1. Forcible detainer actions are state law actions that provide no basis for federal question jurisdiction. *See*, *e.g.*, *Fed. Nat'l Mort. Ass'n v. Morse,* *2016 WL 6871143, at *4-5 (E.D. Tex. Nov. 22, 2016).*

Defendant argues that federal question jurisdiction exists because this case's resolution turns on federal issues, such as alleged due process and notice defects in the foreclosure process. *See* Not. of Rem. at 1-2; Statement of Jurisdiction, Standing, and Necessity of Equitable Adjudication at 1-2. She argues that issues related to the foreclosure proceeding are structural to the plaintiff's claim, and not collateral or defensive, positing that "[i]f statutory and constitutional notice requirements were not met, title and possession cannot pass as a matter of law." Statement of Jurisdiction, Standing, and Necessity of Equitable Adjudication at 2.

But such arguments in the Notice of Removal and related documents are insufficient to support federal question jurisdiction over a removed action. *See*, *e.g.*, *Stump v. Potts,* 322 F. App'x 379, 380 (5th Cir. 2009) (per curiam) ("The complaint provided no basis for federal question jurisdiction. The fact that Potts brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction."); *Scojo Solutions v. Mitchell*, 2012 WL 5933056, at *2 (N.D. Tex. Oct. 31, 2012) (Ramirez, J.), *rec. accepted* 2012 WL 5935407 (N.D. Tex. Nov. 26, 2012) (Lynn, J.) (remanding forcible detainer action because defendant's federal due process claim

6

asserted in a notice of removal failed to support the exercise of federal question jurisdiction). Because Defendant fails to show that the state court petition presents a federal question, she fails to justify removal under federal question jurisdiction.

And she similarly fails to establish diversity jurisdiction. Again, because Defendant has failed to produce the relevant state court petition, the Court cannot find diversity jurisdiction. Even the allegations in the Notice of Removal fail to support diversity jurisdiction because Defendant does not allege that the parties are citizens of different states. *See* Not. of Rem. at 2. She instead alleges that she is a citizen of Texas while Plaintiff is a citizen of the United States. Not. of Rem. at 2. But "it is not sufficient for diversity purposes that a party be a citizen of the United States….[A] party must also be a citizen of one of the states of the United States." *Fabry v. Carrico*, 2013 WL 5146779, at *2-3 (S.D. Tex. Sept. 11, 2013) (citing 13E Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE, § 3621 (3d ed. 1998) (*Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

Because Defendant fails to establish this Court's subject matter jurisdiction, this case should be remanded to state court. *See* 28 U.S.C. § 1447(c).

2. Alternatively, the District Judge should dismiss this case under Rule 41(b).

Alternatively, this case should be dismissed because Defendant has failed to prosecute and comply with Court orders. The Court ordered Defendant to file copies of the relevant process, pleadings, or orders served on her in the state court proceedings. *See* NOD. The Court warned her that her failure to comply might result in the dismissal of this action under Rule 41(b) for failure to prosecute and

7

follow Court orders. Defendant's deadline to comply with the NOD has passed, but she has not filed the pertinent state court pleadings.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.,* 370 U.S. 626 (1962)). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.,* 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas,* 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

Defendant's failure to provide the relevant state court record hampers the Court's ability to evaluate its own jurisdiction and shows that Defendant is not interested in prosecuting this action. Accordingly, the District Judge should dismiss Defendant's case without prejudice for failure to prosecute and failure to follow Court orders.

## Recommendation

The District Judge should remand this action to the state court from which it was removed or dismiss it without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and follow Court orders.

**SO RECOMMENDED.**

April 2, 2026.

_____
HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.